**Cathy DANIELS, Petitioner–Appellee and Cross–Appellant,**

**v.**

**CITY OF COMMERCE CITY, CUSTODIAN OF RECORDS, Respondent–Appellant and Cross–Appellee.**

**No. 97CA1886.**

Colorado Court of Appeals,
Div. I.

Feb. 18, 1999.

Rehearing Denied May 6, 1999.

Certiorari Denied Nov. 15, 1999.*

---

* Justice HOBBS would grant as to the following issue:

Whether the district court and the court of appeals erred in determining that records main-

Clifton D. Hypsher & Associates, LLC, Clifton D. Hypsher, Englewood, Colorado, for Petitioner–Appellee and Cross–Appellant.

Thomas E. Merrigan, City Attorney, Commerce City, Colorado, for Respondent–Appellant and Cross–Appellee.

tained by the city relating to complaints of sexual harassment and gender discrimination are subject to disclosure pursuant to the Open Records Act, §§ 24-72-201 to -206, 7 C.R.S. (1999).

Opinion by Judge METZGER.

In this action concerning application of the Open Records Act, §§ 24–72–201, et seq., C.R.S.1998 (the Act), respondent, the City of Commerce City (the City), appeals the trial court's order granting a request by petitioner, Cathy Daniels, to release certain public records relating to complaints of sexual harassment, gender discrimination, and retaliation. Petitioner cross-appeals that portion of the order denying her request for attorney fees and costs. We affirm.

Pursuant to § 24–72–203, C.R.S.1998, petitioner requested access from the City to "all public records ... related to complaints of sexual harassment, gender discrimination and retaliation based upon complaints of sexual harassment and gender discrimination for the years 1995 through 1997." The City denied this request.

Petitioner then brought this action pursuant to § 24–72–204(5), C.R.S.1998, requesting the court to conduct an *in camera* review of the documents in issue, to require the City to allow petitioner or her counsel to review the documents, and to award petitioner reasonable attorney fees and costs on the basis that the City's denial was arbitrary and capricious.

The City's response noted that it had offered to disclose to petitioner all records it maintained with regard to a sexual harassment case in which petitioner was one of the complainants. However, relying on § 24–72–204(3)(a)(X)(A), C.R.S.1998, the City "maintain(ed) that the privacy interests of the victims and accused harassers are paramount to any need [petitioner] may have to access to those records [involving others], and that privacy interest is specifically recognized by the statute." Additionally, the City maintained, the requested records contained work product consisting of records of correspondence between the city attorney and the city's personnel department. Finally, the City argued, disclosure of the information would do substantial injury to the public

interest in violation of §§ 24–72–204(6)(a) and (b), C.R.S.1998.

The parties briefed the legal issues and the trial court conducted an evidentiary hearing. It then ruled that the documents:

shall be produced to the petitioner as requested with the following limitations and exceptions: In those records where the— where individual employees either singularly or collectively have been accused of gender bias or gender discrimination, sexual harassment or sexual discrimination and the internal investigation of the City resulted in a non-confirmation of accusations and/or exoneration, the records may be redacted with reference to the names of persons who were accused of the wrongful conduct.

If the City feels that any of these records in fact are privileged by reason of the attorney/client privilege or work-product privilege ... then those particular records shall be submitted to the Court under seal for an in-camera inspection by the Court to determine whether or not a valid privilege would protect the disclosure of the particular record.

If the city chooses to submit such documents to the Court, the City shall include, along with the documents, a confidential brief as to why the particular documents might be subject to a privilege. I will review the documents, if any. I will review the brief, if any, and then invite a responsive brief under appropriate circumstances from [petitioner's counsel].

### I.

■ The City first contends the trial court erred in determining that the records were not exempt from disclosure under the personnel files exception to the Act. We disagree.

■ The Act contains a broad legislative declaration that all public records shall be open for inspection unless excepted by the statute itself or specifically by other law. *Denver Publishing Co. v. Dreyfus*, 184 Colo. 288, 520 P.2d 104 (1974). Exceptions to the Act should be narrowly construed. *Freedom*

*Newspapers, Inc. v. Tollefson*, 961 P.2d 1150 (Colo.App.1998).

Personnel files fall within an exception to the Act and are not subject to disclosure. Section 24–72–204(3)(a)(II)(A), C.R.S.1998. Section 24–72–202(4.5), C.R.S.1998, provides:

'Personnel files' means and includes home addresses, telephone numbers, financial information, and other information maintained because of the employer-employee relationship, and other documents specifically exempt from disclosure under this part 2 or any other provision of law.

■ A public entity may not restrict access to information by merely placing a record in a personnel file; a legitimate expectation of privacy must exist. *Denver Publishing Co. v. University of Colorado*, 812 P.2d 682 (Colo.App.1990).

Here, the City conceded that the records requested by petitioner were not contained within any specific personnel file. Therefore, the trial court properly refused to apply the exception on that basis.

The City asserts, however, that because the records are "maintained because of the employer-employee relationship," they thus constitute personnel files not subject to disclosure under § 24–72–204(3)(a)(II)(A). We disagree.

"Maintained because of the employer-employee relationship" is a general phrase following a list of specific types of personal information. "If general words follow the enumeration of particular classes of things, the rule of *ejusdem generis* provides that the general words will be construed as applicable only to things of the same general nature as the enumerated things." *Board of County Commissioners v. Martin*, 856 P.2d 62, 66 (Colo.App.1993). Thus, we construe the phrase at issue to mean that the information must be of the same general nature as an employee's home address and telephone number or personal financial information. The information at issue does not meet that criterion; it is not the type of personal, demographic information listed in the statute.

Thus, applying the rule of *ejusdem generis* and construing the exception narrowly, as we must, *City of Westminster v. Dogan Construction Co.*, 930 P.2d 585 (Colo.1997), we agree with the trial court that the personnel records exception did not apply.

## II.

■ Relying on the fact that a confidential reporting system for "the discreet fact-finding and investigation of complaints," had been implemented for City employees, the City next contends the trial court erred in concluding the records in question are not protected from disclosure under the public interest exception of the Act. Again, we disagree.

The public interest exception, § 24–72–204(6)(a), provides that "records otherwise deemed open and subject to disclosure and release, may be exempted from release when such release would do substantial injury to the public interest."

■ The Act's general presumption in favor of public access must be weighed against the privacy interest at stake. An agreement by a government entity that information in public records will remain confidential is insufficient to transform a public record into a private one. *Denver Post Corp. v. University of Colorado*, 739 P.2d 874 (Colo.App.1987).

Here, the court found:

Certainly there are bona fide reasons for having a confidentiality requirement, and I certainly agree with the city's argument that by reason of the particular character of these types of complaints that the making, the investigation, the denial of such complaints create a tension in the workplace that can carry over beyond the process of dealing with the complaint and create negative circumstances in the workplace affecting the employees involved, and while such a confidentiality policy on the part of the City may be founded on, within good reason and for proper purposes, this Court must rule that such a policy may not be used to override the purpose and intent of the clearly stated Public Records Law. It is very apparent from the language used in the statute that the legislature has given consideration to such confidentiality requirements in fashioning the language of the statutes.

Speaking, with reference to the public interest, generally, as compared to the privacy rights of those involved, the court agrees with the arguments presented by the petitioner that the general public and members of the general public have a compelling interest to see that public entities, when conducting internal reviews of these kinds of matters, do so efficiently and clearly and effectively.

There is a strong public interest in access to such records which this Court believes balances in favor of the public as against the necessity for confidentiality that may exist with reference to the individual public entity employers, and I believe that that public interest is paramount in the context of this case.

These findings reflect a correct application of the pertinent law. Thus, we will not disturb them.

### III.

◼ Finally, the City argues the trial court erred in denying its C.R.C.P. 59 motion. We disagree.

The City's motion requested that the trial court consider § 24–72–204(2)(a), C.R.S.1998, as an alternative basis for exempting the records from disclosure.

Section 24–72–204(2)(a) provides that the custodian may deny inspection of "[a]ny records of the investigations conducted by any sheriff, prosecuting attorney, or police department ... or any investigatory files compiled for any other law enforcement purpose."

The City argues that, because its charter requires the City Manager to be responsible for law enforcement, and because various state and federal laws might be implicated in a sexual harassment claim, these records should be exempt from disclosure. However, while the City provided a copy of the charter with its motion, the City presented no facts to support this assertion, and the trial court was correct in denying the motion.

### IV.

◼ In her cross-appeal, petitioner contends the trial court erred by refusing to award her attorney fees and costs. We disagree.

Section 24–72–204(5) provides: "[U]pon a finding that the denial [of the right of inspection] was arbitrary or capricious, [the trial court] may order the custodian personally to pay the applicant's court costs and attorney fees."

A court considering whether an act is arbitrary or capricious must determine whether the conduct in question "reflects a conscientious effort to reasonably apply legislative standards." *Committee for Better Health Care v. Meyer,* 830 P.2d 884, 896 (Colo.1992).

Although the custodian of the records did not review each individual document, the record shows that the custodian had sufficient familiarity with the records to declare them exempt from disclosure under the personnel files exception and the public interest exception. Thus, the trial court did not abuse its discretion in denying petitioner's request for attorney fees and costs.

The order is affirmed.

Judge TAUBMAN and Judge CASEBOLT, concur.