QUESTIONS PRESENTED AND CONCLUSIONS
This opinion is presented in a "frequently asked questions" format. The questions and answers begin on page four below. The questions addressed in this formal opinion are:
 1. What governmental records are open to the public under the Colorado Open Records Act?
 2. How do I ask for public records from the government, and how is the government supposed to respond?
 3. What if I think I am entitled to see particular public records but the government refuses to give them to me?
 4. Are public records of disciplinary actions and investigations open to the public?
 5. What is the interaction between the Colorado Open Records Act and the rules of discovery in state or federal court?
 6. What happens if a public record holds some information that is open to the public and some information that falls within an exception to the Open Records Act?
 7. What if I request public records from the wrong agency of government? Will I be directed to the agency that actually holds the records I want?
 8. What are common problems faced by people who seek public records, and how do I respond if they happen to me?
 9. How can I get a public record certified by an agency of government?
 10. Does the Open Records Act provide any special benefits for veterans?
 11. What are the specific Open Records Act rules for sexual harassment proceedings?
 12. Are social security numbers in public records released in response to a request?
 13. Are government employees' performance ratings or salaries open public records?
 14. What happens if my request for public records includes voluminous documents or many records?
 15. What are the consequences to the government involved in a public records request if it wrongly denies my request?
 16. What happens if the government receives a request for public records that is confusing or ambiguous or vague?
 17. How do I get criminal justice records? 18. What is the deliberative process exception to open public records, and how does it work?
 19. What is the public interest exception to open public records, and how does it work?
 BACKGROUND
The Colorado Open Records Act gives people in Colorado a very important right. It allows them to learn — very quickly and completely — what their government is doing. It empowers everyone to understand how Colorado's government affects their lives in matters big and small. The citizens of Colorado want an open government, and this statute is the most basic embodiment of that goal.
The Colorado Open Records Act begins at Section 24-72-201 of the Colorado Revised Statutes. This law can be found in most libraries. For those with access to the Internet, it can be located through the home page of the Colorado General Assembly (http://www.state.co.us/gov_dir/leg_dir/geninfo.htm), among other places. In the questions and answers that follow, sections of this statute are highlighted to guide the reader.
The thought behind this part of open government in Colorado is a very simple, yet very broad and powerful idea: all public records are open for inspection by any person at reasonable times. The only public records that fall outside this expansive policy are records identified in specific exceptions set forth in the Colorado Open Records Act, in other laws of the state, and in federal law.
The Colorado Open Records Act contains several specific exceptions. Though access to government records is the general rule in Colorado, people and companies also want to know that the private information they must give the government will be respected as private, and not made public. For that reason, laws authorize, and sometimes require, that the government keep some types of records confidential. These laws protect the privacy of records such as personnel files, law enforcement investigations, research projects conducted by state institutions, real estate appraisals when property is being acquired for public use, and certain tax records, among others.
Some state laws outside the Open Records Act protect specific records. For example, certain medical records held by the Colorado Department of Public Health and Environment are specifically kept from disclosure under separate laws. Certain records maintained by the Department of Human Services are exempt from disclosure. Investigative records maintained by regulatory agencies and business and professional licensing boards may be exempt. Careful legal research is required to identify this type of exception to the Open Records Act.
Finally, a specific federal law sometimes governs whether a particular public record is confidential, notwithstanding state laws such as the Colorado Open Records Act. The effect of federal law must be evaluated in the context of a particular request for public records.
Requests for documents under the Colorado Open Records Act are sometimes publicly controversial. This controversy often flows from a difficult balance to be struck between the fundamental principles of open government described above and the important privacy rights of the individuals who are the subject of the records sought. For example, some of the aspects of the hiring and firing of individuals by government are open to the public, even though this information may be embarrassing or uncomfortable for the people involved. As another example, some of the information held by the government in applications for licenses and similar approvals may be open to the public for eventual use for commercial purposes, even though the citizen applicants might prefer that the application information not be shared with commercial interests.
This important balance must be found by interpreting the specific text of the laws involved in the light of the particular circumstances of the request for information. The legal outcome of this process — whether a particular sensitive record is to be released publicly — at times can be very difficult to determine.
 DISCUSSION
The following questions and answers give general guidance to people who want to see public records and to the public servants who manage the records in trust for the people. It does not answer all questions you might have. The application of the Colorado Open Records Act to a particular public record can be legally complicated and uncertain, so please be aware that your specific circumstances might require an analysis different from that described below.
1. What governmental records are open to the public under theColorado Open Records Act?
The Colorado Open Records Act applies to virtually all levels and types of governments within Colorado. These include the state, its agencies and institutions, cities, counties, cities and counties, towns, school districts, special districts, and housing authorities, among others. Each of these organizations of government must meet the requirements of the Open Records Act.[1]
The Colorado Open Records Act does not apply to federal government records. A different federal statute, called the Freedom of Information Act, applies to federal government. In a similar way, this federal statute does not apply to Colorado state or local government, either.
The "public records" that are open for inspection under the Colorado Open Records Act include a very wide variety of materials. Books, papers, maps, photographs, tape recordings and electronic mail, among other written materials, are all open records. In order to be a "public record," the materials must be made by the government, kept by the government, or maintained by the government, and the record must also involve the receipt or expenditure of public funds, or the exercise of functions required or authorized by law or administrative rule. [2]
The Open Records Act only makes public written information that already exists within the government. It does not force an agency or other government organization involved to create new records to respond to a request. It also does not require the government to manipulate or analyze information it might have in a new way in order to respond to a request. [3]
For example, suppose a public file held by a special district contains all applications for water taps, and that it is organized by street address. The special district must allow inspection of this file if asked, but the special district does not have to organize the applications alphabetically or chronologically. That task would be the responsibility of the person requesting to see the file.
Computers are widely used in Colorado government to hold public information. Many of the computer records kept by governments in Colorado are open for inspection under this law. For example, electronic mail is widely used, and is an open record unless it is otherwise exempt from public inspection. The same is true of records kept in government databases.
2. How do I ask for public records from the government, and how isthe government supposed to respond?
In general, asking to look at public records in Colorado is very easy. You must first find out what part of government has the records you want to see. Then you have to ask an appropriate person to see them, and make arrangements to inspect them.
Each agency is responsible for its own records, and one of the employees for each agency is the "official custodian" of those records. The official custodian is probably an administrator for the agency. This person is responsible for all of the agency's records, even though he or she may not actually keep track of these records on a day to day basis. The official custodian is responsible for answering requests for records. [4]
The government's record custodians hold public records in trust for all citizens of Colorado. Every time you ask to see a record, a custodian must balance your right to access public records with the agency's obligation to maintain the record and to perform its other jobs. The custodian must protect the integrity of the record, and must prevent unnecessary interference with the agency's function.
Your request to see records should be in writing, and it should be as clear and specific as you can make it. That way the agency knows what you want to see, and if a problem arises you can also prove that you made your request and when you made it. A written request is not legally necessary (unless an agency rule requires it), but it is always a very good idea to ask for records in writing anyway.
Once the agency receives your request, the custodian will decide whether you can see the records and, if so, when and where. Normally, you will look at the records at the agency's office. Many times, the records will be immediately available. If the record is not readily available, ask the custodian to let you know when it will be available. If you request one, you will then get a letter identifying a date and time that you can review and copy the record. [5]
If the custodian cannot make the record immediately available for you to look at, the agency has three working days to make it available to you. If your request is large enough that the agency cannot respond within three days, the custodian will let you know in writing, and will have an additional seven working days to make it available under the Open Records Act.[6] If your request for records is very large, the agency will usually try to make arrangements with you for your review as soon as it reasonably and practically can.
Agencies can and normally do charge for copying records. The Open Records Act requires that the charge must be "reasonable," and cannot exceed $1.25 per page unless the actual cost exceeds that amount.[7] Agencies may have their own statutes or rules that set copying costs. For example, the secretary of state may charge less than its cost under certain circumstances.[8] Keep in mind that the agency's cost may include not only the cost of the copy, but the cost of the employee's time spent making your copies. If you ask for copies of special documents, like your own set of photographic prints, the cost may be higher. If you ask for certified copies, the cost may be higher. The bottom line, however, is that government agencies cannot and do not profit from this service. Your cost of obtaining a copy should not exceed the agency's cost of making the copy.
You may desire to make your own copies to save money. You may, if the agency is not prepared to make copies for you and if the agency allows you to do so. Most agencies will be prepared to copy a small number of records. Copies must be made at the office of the agency, if it is practical.
The custodian decides who will make the copies and where.[9] If the copies will be made at a copy business, you must make arrangements and pay the cost of taking the records to the copying business. While that might sound like a good idea, keep in mind that the agency must maintain control of the records and supervise the copying. If you remove the documents from the agency office, your cost will include the cost of the custodian's time to accompany the records. As always, you should ask the agency about its copying procedures.
3. What if I think I am entitled to see particular public recordsbut the government refuses to give them to me?
If the custodian denies you access to records, ask for a written statement explaining why he or she made that decision. The custodian's letter must tell you the legal basis for the custodian's decision, and give you reasons that will allow you to decide if you think the decision makes sense.
Most agency custodians of record are very knowledgeable about their records and the restrictions that apply to their access. Of course, they might make the wrong decision on your request. If you are denied access to records that you believe should be accessible, you can file a civil action to ask a court to decide if the custodian's decision is wrong.[10] The district court that would hear your complaint is the one that is nearest the place where the records are kept.
If you get a decision that denies your access to the records you want to see, you might write a letter to the custodian disputing his or her decision and reasoning. You do not have to write a letter like this, but — if your reasons are persuasive — you might get the custodian to change his or her mind. This is an easy, practical and inexpensive way to try to overturn an adverse decision.
4. Are public records of disciplinary actions and investigationsopen to the public?
The State of Colorado regulates many businesses and professionals. This regulation involves investigating possible misconduct and, where appropriate, imposing discipline for violations of Colorado law. The Open Records Act states that records of these law enforcement investigations may be held confidential.[11] It is also common to find that the statutes applying to each specific agency require that agency to hold investigation records confidential, at least until the investigation is closed.[12]
Like all other government records, records of discipline are open to the public unless there is a specific exception.[13] One such exception applies in many circumstances to records of discipline of government employees, when these records are part of the employee's personnel file.[14] There are few other exceptions.[15]
This is another example of a situation where it is best to ask the agency holding the record for the rules that apply to the record. You can save a lot of time researching these statutes by simply calling the agency that keeps the record you want to see.
5. What is the interaction between the Colorado Open Records Actand the rules of discovery in state or federal court?
When people become parties to a civil lawsuit, they can get information from other parties to the lawsuit by using the "discovery" rules that apply in the particular court in which the lawsuit has been filed. Only parties to a lawsuit may use the discovery rules to get information. In this situation, they may get information from government agency parties and private parties alike. In contrast, anyone can use the Open Records Act to get information from government agencies, not just parties in a lawsuit.
The interaction between the Open Records Act rules and the rules of discovery can be complicated and uncertain. There may be times when parties to a civil lawsuit can use the Open Records Act to obtain information concerning their lawsuit from governments in Colorado, whether or not the government involved is a party to the lawsuit.[16] But there may also be times when parties to a civil lawsuit cannot use the Open Records Act to obtain information. That can happen in cases where a request for records under the Open Records Act violates a limit on discovery imposed by the court or under the rules of civil procedure or otherwise interferes with the judicial process.[17]
6. What happens if a public record holds some information that isopen to the public and some information that falls within anexception to the Open Records Act?
Some public records contain a mixture of information that is public and information that is confidential, and not subject to inspection under the Open Records Act. In general, the government is not required to black out, or "redact," confidential portions of a record. It can lawfully refuse to let you see that record because of its partial confidential content.[18]
Nevertheless, in practice if a public record contains only a word, sentence or paragraph that is confidential, you may still be able to inspect it. The custodian may be willing to black out the confidential portion. On the other hand, the custodian often will not redact information from records if that would require a lot of effort. Generally speaking, the more confidential information a record contains, the less likely it is in practice that it will be available to you.
If the record you want contains anything confidential, the custodian will decide whether it is appropriate to keep the document confidential, or to black out the confidential part and give you the document. How will the custodian make this decision? He or she will consider the following questions. How difficult is it to block out the confidential information? Is there so much confidential information that blacking it out is impractical because it will make the rest of the document meaningless? Does he or she risk accidentally disclosing something confidential? The easier it is to take it out the confidential part, the more likely it is the custodian will let you have a copy.
7. What if I request public records from the wrong agency ofgovernment? Will I be directed to the agency that actually holdsthe records I want?
You probably will be directed to the right agency, but that result is not guaranteed. Many of the people you talk to in the government will be anxious to help, but may not have the information you need. You might have to contact several agencies before you find the record you want.
The law requires that if the person you talk to does not have the record you want, that person must let you know that he or she does not have it and why. If he or she knows, you will be told who has it and where it is.[19]
8. What are common problems faced by people who seek publicrecords, and how do I respond if they happen to me?
a) You ask for a record and the response is something like, "I amjust a clerk here, and I do not have any authority to give youanything. You have to see someone else, and no one is here rightnow."
You may have the right office but the wrong person. If you get a response like that, do not give up. Ask this person who you should talk to, the phone number you should call, and the time you should call. Write a note to the agency memorializing your request because the government must respond within the short deadlines in the statute. Be polite, but be persistent. (Another good reason to make your request in writing to the government in the first place is to try to avoid situations like this.)
b) When you ask for a public record, you are asked questions aboutyour affiliations, why you want the public record, and what youwill use the record for.
You are not obligated to explain the reason you want any record. You do not have to discuss who you are or what you will do with the record. All you have to do is ask, and the government is obligated to make its public records available to you, as long as they are not confidential.[20]
c) You are told you cannot use public records for commercialpurposes.
The state agency may not impose conditions on your use of a copy of a public record unless those conditions are specifically allowed by law. In most cases, you can use the records you inspect for any lawful purpose. Criminal justice records cannot be used to solicit business for profit.[21]
d) You are told that an attorney for the government agency willhave to review the request before any documents can be released.
Usually if a records custodian asks its attorney to review a records request, it is because the custodian is concerned about releasing something confidential. As discussed above, some government records are confidential, and the custodian cannot legally make confidential records available to the public. The custodian may take three working days to review a request with an attorney to avoid this problem, or up to seven more working days if your request is large.[22]
e) You are told that you can look at a public record, but youcannot copy it or make notes about it.
This type of statement is incorrect. The Open Records Act generally provides that if you are entitled to inspect a record, you are entitled to copy it.[23]
Make sure you are talking to the official custodian. If you are not, then ask for the custodian's name and phone number. If the official custodian tells you that you are not entitled to a copy, ask to have these restrictions in writing. You can try to reason with the custodian at first, but then you will be left to your legal options in court.
f) The agency takes too long to make records available forinspection.
The custodian is required to produce records immediately upon its receipt of a records request, if the records are available.[24] If the records are not immediately available, the custodian must make them available within three working days. If your records request is unusually large, then the custodian is entitled to as many as seven additional working days to make the records available.
In most situations, an agency will be able to comply with these requirements. However, there may be occasions when you do not get to see the records as soon as you should. The people who will work to make records available to you have other duties as well. In fact, their duty to help you with records is something they have to do in addition to their other work obligations. Usually, the best approach is to be patient if the agency has provided a reasonable explanation to you about the delay.
In most cases, you will not face any significant delay. Again, it helps if you know what to expect. Discuss the date and time for inspection and copying with the custodian.
If an agency does not comply with these deadlines, you can go to court to enforce your rights. If your need is so urgent that you want to consider such action, be sure to make the records custodian aware of your needs. Chances are very good that you will save time in the long run by fully informing and working with the custodian to make sure he or she understands your needs.
g) You visit an agency to find a particular document, but theagency has thousands of records and you do not know where to findwhat you are looking for.
State agencies must make records available for you to see and ordinarily must copy the records if you request a copy.[25] They are not obligated, however, to help you narrow your search when you ask for a mass of similar records. The exception is for a record that has been stored on microfilm or computer. For these records, the agency must help you locate and see the specific record you want.[26]
As you can imagine, some agencies have so many files that the average person would have a hard time finding any particular document without help from somebody who has an idea about where to find it. If you make a broad, vague request to an agency, the custodian will have a hard time giving you what you need. The custodian must react quickly to your request and so, if your request is vague, you will probably get access to all records instead of just the records you want. This is likely to be a frustrating and fruitless search from your point of view.
The agency's records custodian will understand this problem. Generally speaking, if you can help the custodian by being very clear about what you want, the custodian will help you. Before you contact an agency to ask for a record, identify as much information about the record as possible. The more information you can provide a records custodian, the quicker you will get the information. Under most circumstances, if you ask for a particular record, the custodian will find it for you so you can review it and get a copy, if you want one.
h) You ask for a record, and the records custodian tells you thatthe agency has the record, but it is currently being used.
Many public records are in the working files of the agencies. While you may be entitled to see these records, the records may not be available for immediate inspection because they are being used by the agency. In such circumstances, the records custodian will let you know, and is required to make the records available within three working days.[27]
9. How can I get a public record certified by an agency ofgovernment?
When you make your first request for records, tell the records custodian that you need a certified copy. This is a simple process, but it does involve more than simply making copies, so be prepared to pay a higher fee. The fee for certified copies may be set by statute or rule.[28] Be sure to ask about the fee at the beginning, so you know what to expect.
10. Does the Open Records Act provide any special benefits forveterans?
Yes. If a veteran needs a record to demonstrate her eligibility for veteran benefits provided by the federal government, the custodian must provide a certified copy of that record without charge.[29]
11. What are the specific Open Records Act rules for sexualharassment proceedings?
A records custodian for an agency that has records about sexual harassment complaints and investigations must keep those records confidential.[30] There are three exceptions to this general rule. First, if another government agency needs information from those records to investigate the sexual harassment complaint, it may get only those records it needs. Second, if the record is included in a court file or record of a court proceeding, this restriction does not apply. Third, a "person in interest" may see the records.[31]
12. Are social security numbers in public records released inresponse to a request?
The Open Records Act does not specifically say whether your social security number is confidential. It does authorize a records custodian to deny a request for a social security number if it would be contrary to federal law.[32] Under federal law, if you gave your social security number to the state because of a law enacted after October 1, 1990, the state must treat your social security number as confidential.[33]
If a state agency asks you for your social security number and you are uncomfortable providing it, you are entitled to certain information.[34] Find out if you must provide it. If you must, then find out what law requires it and what the state will do with it. Ask if the agency will hold it confidential. In most cases, if you must give a state agency your social security number, the law requires that it be held confidential.
13. Are government employees' performance ratings or salaries openpublic records?
Yes. Employees' personnel files are confidential.[35] However, those files do not include performance ratings, salaries, expense allowances, or benefits paid to state employees or employees of its political subdivisions.[36]
14. What happens if my request for public records includesvoluminous documents or many records?
If your request involves many records, it is probably going to take some time for the custodian to make the records available to you. In these cases, the custodian may take up to ten working days.[37] The custodian may have many duties in addition to responding to your request, so he or she has to balance those duties with her duty to respond to you. Of course, your request should receive a very high priority because you are entitled to a timely response.
At the time you make your request, the custodian should be able to tell you if you can expect a delay. This is the time to discuss when, where and how you will get to review the records and, if you choose, make copies. It would be a good idea to discuss the details so each of you can reach an agreement about these details. He or she can then put these details in her letter to you, so you both have a clear understanding. If you and the custodian cooperate, it will be easier to complete your task.
15. What are the consequences to the government involved in apublic records request if it wrongly denies my request?
If you go to court to challenge an agency's decision denying you access to records and you win, the court will order the agency to give you the records. If the court decides that the custodian's decision was wrong, it is to award costs and attorneys fees to the prevailing applicant.[38] If the court determines that your request for records was frivolous, groundless or vexatious, it will award attorneys fees and costs to the government.[39]
A willful and knowing violation of the open records act is a crime, punishable by a fine not to exceed $100.00, ninety days in jail, or both.[40]
16. What happens if the government receives a request for publicrecords that is confusing or ambiguous or vague?
A confusing request for records will probably cause some delay. If the custodian does not understand your request, chances are good he or she will deny it. If he or she does so, you have the right to request a decision in writing so that you may understand his reasons.[41] Of course, the custodian would rather save time by discussing your request so that he or she better understands what you want. The best approach is to discuss the request first, so the custodian can help you make sure you are asking the correct agency, and identifying the correct records.
Once you have confirmed which agency has the record you seek, and what to ask for, it is best to send the custodian a written request confirming these details.
 17. How do I get criminal justice records?
You can get criminal justice records that are open to inspection by the public in the same way that you get other public records. The custodian has the same authority to make rules to protect the records and prevent unnecessary interference with her and her office's duties.[42]
As you might guess, these records are not as available as other public records. The only records that must be made available are records of official actions, and there are exceptions.[43] The custodian has more discretion with other criminal justice records.[44] If he or she denies access, you may request a written statement of reasons, and you may challenge the decision in district court.
18. What is the deliberative process exception to open publicrecords, and how does it work?
A custodian must hold documents confidential if they contain privileged information.[45] The label "privileged" refers to information that is protected from disclosure under various legal rules used in litigation. Certain deliberative process documents can be privileged, confidential records, if their release would tend to harm honest and frank discussion within the government.[46]
Deliberative process records are documents that contain agency staff recommendations or opinions on legal or policy matters that are being considered for a final decision. As an example, administrators of government agencies normally make the most important decisions in the agency. Before they do so, they ask for and receive input from their subordinates, including opinions and recommendations. This input is often in writing. These written documents are part of the agency's deliberative process, and are confidential.
These records do not include the record of the final agency decision, or records created after the decision.[47]
The deliberative process exception is a good example of a balance struck in the Open Records Act among important principles. On the one hand, the bias in the statute is for all records to be open. On the other hand, staff people in government might not put their honest views and recommendations in writing if they know the writings would be available to the public. It is obvious that decisions in government must be made upon the best information available to the decisionmaker from his or her staff. The rule that deliberative process records are confidential is a reflection of the need to have government function well outweighing the desire for open government in this instance.
The deliberative process exception in the Open Records Act places some special responsibilities upon the government claiming its protection. The government must provide to the person requesting the records a sworn statement that specifically describes each document withheld, explains why the document is privileged, and says why disclosure of the document would cause substantial harm to the public interest.[48]
19. What is the public interest exception to open public records,and how does it work?
If you give a document to the government that you consider private, you would not want any citizen to be able to get a copy. In fact, many members of the public do give information to the government, which they expect will be held confidential. This information may not be specifically confidential under the Open Records Act. Yet, the expectation that it will be private is reasonable. Does the government have to give this type of information to any citizen? It depends on the circumstances.
The "public interest" exception is a specific exception in the Open Records Act. According to this law, an agency may hold public records confidential if the records custodian decides that making it available to the public would cause substantial injury to the public interest.[49] This is the case even if the record is something that would otherwise be available to the public under the Open Records Act. The reason this law exists is that the Legislature realizes that there will be situations in which information should be kept private, even though no law specifically states that it is private.
You might think that such a broad exception is reason to worry about access to public records. However, custodians know that this exception rarely applies. In situations where this exception has been tested, a court has normally ruled in favor of public disclosure.[50]
It is the rare case that a record will be held confidential using the public interest exception. In the first place, the custodian must ask for permission from the district court to use the exception. Also, the custodian must prove how the public interest will be injured; just saying so will not be enough. And, the injury must outweigh the public's compelling interest in access to its government's records to make sure the government is conducting its affairs fairly, efficiently and effectively. Essentially, the custodian — and then the court — must balance the public's interest in open government with the public's interest in protecting the privacy of individual citizens. In exceptional circumstances, the interests of an individual override the interests of the whole.
This balance is evaluated by taking into account 1) whether the individual has a legitimate expectation that the record will not be disclosed, 2) whether there is a compelling reason to make the records available to the public, and 3) if there is such a compelling reason, how the record might be disclosed in a way that is least intrusive to the individual.[51]
It is difficult to predict when this exception will apply. The courts will look at each situation and try to balance these competing interests.
 CONCLUSION
The Colorado Open Records Act gives broad and fundamental rights to every person to learn what is happening in Colorado's government. To use these rights effectively, citizens must know how to use this law. This opinion describes the how this law works.
Issued this 5th day of July, 2001.
KEN SALAZAR Attorney General
Thomas Roan Assistant Attorney General
 FOOTNOTES
[1] § 24-72-202(5) and 202(6)(a)(I), C.R.S.
[2] § 24-72-202(6)(a)(I) and 202(7), C.R.S.
[3] See, e.g., Sargent School District No. RE-33J v. WesternServices, 751 P.2d 56 (Colo. 1988); Office of State CourtAdministrator v. Background Information Services, Incorporated,994 P.2d 420 (Colo. 1999)
[4] Larger agencies may have other "custodians" as well. §24-72-202(1.1), C.R.S. These other custodians will have more direct control over the records you seek. They probably handle the agency's records each day.
[5] § 24-72-203(3), C.R.S.
[6] § 24-72-203(3)(b), C.R.S.
[7] § 24-72-205(1), C.R.S.
[8] § 24-21-104(3), C.R.S.
[9] Requests to copy government documents can raise copyright questions. For example, some as-built drawings or other architectural drawings in government files might be protected by a copyright. While the custodian may allow inspection of such copyrighted materials, the custodian ordinarily will not copy such materials or allow others to copy them. See § 24-72-204(1)(b) (inspection denied if contrary to federal statute); § 24-72-205
(custodian "may" furnish copies).
[10] § 24-72-204(5), C.R.S. This topic is discussed in more detail in response to Question 15.
[11] §§ 24-72-204(2)(a)(I), C.R.S.
[12] Examples include insurance company investigations, §10-1-206(8)(b), C.R.S.; investigations of engineers, §12-25-109(2), C.R.S.; and investigations of dentists, §12-35-118(5)(e), C.R.S.
[13] § 24-72-204(1)(a), C.R.S.
[14] §§ 24-72-202(4.5) and 204(3)(a)(II)(A), C.R.S.
[15] One example of a confidential record of discipline is the private admonishment of an attorney. C.R.C.P. 251.6(d). (1999).
[16] See People in the Interest of A.A. T., 759 P.2d 853, 854
(Colo.App. 1988).
[17] § 24-72-204(1)(c), C.R.S.
[18] Sargent School District No. RE-33J v. Western Services, Inc.,751 P.2d 56 (Colo. 1988); Bodelson v. Denver Pub. Co., 5 P.3d 373
(Colo.App. 2000).
[19] § 24-72-203(2)(a), C.R.S.
[20] § 24-72-203(1), C.R.S. Also, see Bodelson, supra, 5 P.3d 373;Denver Publishing Co. v. Dreyfus, 184 Colo. 288, 520 P.2d 104
(1974) (no special interest is necessary to access a public record.)
[21] 24-72-305.5.
[22] 24-72-203(3)(b), C.R.S.
[23] 24-72-205(1), C.R.S. See note 7, above, concerning copyrighted material.
[24] 24-72-203(1), C.R.S.
[25] 24-72-203(1)(a), 205(1).
[26] 24-72-203(1)(b)(II).
[27] § 24-72-203(3)(a), C.R.S.
[28] § 24-72-205(1), C.R.S.
[29] §§ 24-72-112, C.R.S.
[30] § 24-72-204(3)(a)(X)(A), C.R.S.
[31] A "person in interest" (for this purpose only) is the person making the complaint and the person who is the subject of the complaint. § 24-72-202(3)(a)(X)(B), C.R.S.
[32] § 24-72-204(1)(b), C.R.S.
[33] 42 U.S.C. § 405(c)(2)(C)(viii)(I).
[34] Privacy Act of 1974, Pub.L. 93-579, Section 7.
[35] § 24-72-204(3)(a)(II)(A), C.R.S.
[36] § 24-72-202(4.5), C.R.S.
[37] § 24-72-203(3)(b), C.R.S.
[38] § 24-72-204(5), C.R.S. (as modified by HB 01-1359). House Bill 01-1359, enacted in May, 2001, also provides new rules for applicants to seek records of executive sessions of state and local agencies.
[39] Id.
[40] § 24-72-206, C.R.S.
[41] § 24-72-204(4), C.R.S.
[42] § 24-72-304(1), C.R.S.
[43] § 24-72-302(7), C.R.S. defines "official action" to include arrests, indictments, filed charges, the disposition of such charges, records of release, and many other actions.
[44] § 24-72-305, C.R.S. identifies the reasons a criminal justice records custodian may deny access.
[45] § 24-72-204(3)(a)(IV), C.R.S.
[46] See § 24-72-204(3)(a)(XII), C.R.S.; City of Colorado Springsv. White, 967 P.2d 1042 (Colo. 1998) (common law privilege recognized). As with many rules, this one has an exception. If you can show that your interests in getting the record are more important than the government's interest in keeping it confidential, you can get the record. This determination is made on a "case by case" basis. If you challenge the confidentiality of the record, the agency must demonstrate that it has an important interest in keeping the record confidential. If the agency can prove that point, then you must prove that your interest in seeing the record is more important than the agency's interest. White,967 P.2d at 1053, 54.
[47] Russell L. Weaver James T.R. Jones, The DeliberativeProcess Privilege, 54 Mo. L.Rev. 279-299 (1989).
[48] § 24-72-204(3)(a)(XIII), C.R.S.
[49] § 24-72-204(6)(a), C.R.S.
[50] See, for examples, Denver Post Corp. v. University ofColorado,739 P.2d 874 Colo.App. 1987); Denver Pub. Co. v.University of Colorado, 812 P.2d 682 (Colo.App. 1990); Zubeck v.El Paso County Retirement Plan, 961 P.2d 597 (Colo.App. 1998);Freedom Newspapers, Inc. v. Tollefson, 961 P.2d 1150 (Colo.App. 1998); Daniels v. City of Commerce City, Custodian of Records,988 P.2d 648 (Colo.App. 1999). For an example of a particularly sensitive case in which the exception applied, see Bodelson v.Denver Pub. Co., 5 P.2d 373 (Colo.App. 2000).
[51] See Freedom Newspapers, Inc. v. Tollefson, 961 P.2d 1150,1156 (Colo.App. 1998), Denver Post Corp v. University of Colorado,739 P.2d 874 (Colo.App. 1987), Martinelli v. District Court,199 Colo. 163, 612 P.2d 1083 (1980).